1

2

3

4                       UNITED STATES DISTRICT COURT

5                       EASTERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| 7  UNITED STATES OF AMERICA, | No.  2:16-cr-14-GEB |
| 8              Plaintiff, | |
| 9       v. | **ORDER** |
| 10  WILLIE MCNEAL, | |
| 11              Defendant. | |

12

13         The United States of America (the "Government") and

14   defendant Willie McNeal ("Defendant" or "McNeal") each filed in

15   limine motions, including evidence, concerning the impending jury

     trial scheduled to commence on April 18, 2017.
16
           McNeal has been indicted by a grand jury with one count
17
     of assaulting a person within the territorial jurisdiction of the
18
     United States, under Title 18, United States Code, Section
19
     118(a)(6).  Indictment 1:19-22, 2:1-2, ECF No. 1.
20
     Self-Defense Issue
21
           Defendant moves in limine for an order ruling that
22
     Defendant is allowed to produce evidence at trial that he acted
23
     in self-defense when he fought the victim.  Def.'s Mot. in Lim.
24
     ("Def.'s Mot.") 5:2-3, ECF No. 27.  The Government seeks an in
25
     limine order that would preclude Defendant from proffering both
26
     self-defense evidence and justification defense evidence.  Pl.'s
27
     Mot. in Lim. ("Pl.'s Mot.") 1:19-22, ECF No. 28.
28
                                   1

1    Defendant bears the burden of proving a prima facie
2  case of self-defense on two elements: "(1) [that he had] a
3  reasonable belief that the use of force was necessary to defend
4  himself ... against the immediate use of unlawful force and (2)
5  [that he] use[d] ... no more force than was reasonably necessary
6  in the circumstances."  United States v. Biggs, 441 F.3d 1069,
7  1071 (9th Cir. 2006)(citing United States v. Keiser, 57 F.3d 847,
8  851 (9th Cir. 1995); see generally, United States v. Cramer, 532
9  Fed. Appx. 789, 791 (9th Cir. 2013) (unpublished) (defendant
10 seeking to pursue any affirmative defense must proffer "legally
11 sufficient evidence of each element" of the defense).
12 Defendant's justification defense includes the elements of the
13 self-defense prima facie standard and the following two
14 additional elements: the defendant had no reasonable opportunity
15 to escape the harm and he had not recklessly placed himself in a
16 dangerous situation.  Biggs, 441 F.3d at 1071 (citing United
17 States v. Nolan, 700 F.2d 479, 484 (9th Cir. 1983)).

18    Defendant argues in his motion the evidence on which he
19 relies for his assertion that he assaulted the victim in self-
20 defense:

21         [He] will testify that the alleged victim
           made a threatening gesture toward [him];
22         surprised and met Defendant on the first
           floor of the central area of the cell pod in
23         the prison; the victim told Defendant that
           victim and Defendant should go to the laundry
24         room to fight; and Defendant recognized that
           this would be a trap where other inmates
25         sympathetic to the victim would be waiting to
           join the alleged victim in the fight. Rather
26         than let a group of inmates punch, kick and
           injure him, and while walking in the
27         direction of the laundry room, Defendant
           struck the alleged victim in the face
28         knocking the alleged victim to the ground.

                              2

1     While on the alleged victim was on the
      ground, Defendant struck the alleged victim
2     at least twice.

3  Def.'s Mot., 3:16-24.  Defendant argues further:

4        [T]he FBI reports of the alleged victim's
         statement, Defendant's statement and the
5        video recording of the fight ... are
         sufficient to demonstrate that Defendant
6        struck the alleged victim with a bare fist
         just prior to entering the laundry room where
7        the alleged victim's confederates waited.
         Defendant used no more force than was
8        necessary to disable the alleged victim.
         Essentially, Defendant has made by FBI report
9        and video a prima facie case of self-defense
         and is entitled to present such evidence to
10       the jury.

11 Def.'s Opp'n ("Def.'s Opp'n") 2:18-19, 3:1-5, ECF No. 29.

12 However, FBI reports have not been made part of the in limine

13 motion record.

14       The Government counters, arguing:

15       Taken as true, McNeal's sworn declaration
         tells the Court that (1) he believed he would
16       be attacked at an unknown point in the
         future, and (2) he believed he would be
17       attacked if he entered the laundry room when
         invited by [alleged victim Timothy] Jackson
18       on May 25. These representations do not show
         the required 'immediate threat of unlawful
19       force,' [citing] Urena, 659 F.3d at 907, but
         rather a concern either that McNeal would be
20       attacked in the future, and then only if he
         chose to enter the laundry room when invited
21       by Jackson. In either instance, McNeal's
         sworn declaration shows that his attack was
22       preemptive, not in response to an immediate
         threat. McNeal's declaration undermines his
23       purported defense.

24 (footnote omitted) Pl.'s Opp'n ("Pl.'s Opp'n") 3:18-24, ECF No.

25 31.

26       Defendant has not satisfied his burden of producing

27 prima facie proof on the first element of the self-defense

28 standard.  Specifically, the evidence on which Defendant relies

                              3

1  in support of his motion shows that he suddenly punched the

2  victim without any apparent justification.   This evidence

3  indicates that Defendant's punch was a sneak attack.   "How can a

4  sneak attack be self-defense?"   <u>United States. v. Haynes</u>, 143

5  F.3d 1089, 1089 (7th Cir. 1998).   However, Defendant argues the

6  punch was reasonable because the victim made a threatening

7  gesture at him hours before the punch, and Defendant assumed that

8  the victim had made arrangements with other prisoners to attack

9  him in the laundry room.   "What [Defendant's] claim of self-

10  defense comes down to is the proposition that an inmate is

11  entitled to attack [a fellow prisoner] even if there is ample

12  time to report the [perceived] threats and obtain protection from

13  the guards."   <u>Id</u>. at 1090.   Defendant's proof is woefully

14  deficient and does not "conform[] to the normal understanding of

15  self-defense: a use of force necessary to defend against an

16  imminent use of unlawful force."   <u>Id</u>.   Therefore, the

17  Government's in limine motion on the self-defense and

18  justification issues is granted.

19  <u>Expert Witness Testimony Issue</u>

20      The parties also dispute in limine whether Defendant's

21  expert, Dr. Jesse de la Cruz, should be allowed to testify at the

22  impending trial.   The Government argues: "Even if the Court does

23  permit the [self-defense or justification] defense, it should

24  preclude McNeal from offering his anticipated expert ... because

25  Dr. De La Cruz's opinion is based on mere speculation and assumes

26  the jury's role as the assessor of witness credibility."   Pl.'s

27  Opp'n, 1:21-23.   Defendant argues Dr. de la Cruz will testify

28  that "the incident between Defendant and Jackson" occurring hours

4

1  before Defendant's first punch to the victim's head was in

2  response to "Jackson's swinging of the sock with the lock inside

3  the sock on the night before the incident[, or when Defendant

4  punched the victim,] in sight of Defendant[, and the swinging of

5  the sock] was clearly a threat to injure or beat Defendant."

6  Def.'s Opp'n, 3:12-14.  Defendant further argues:

7
          [Dr.] De la Cruz further stated that
          Jackson's stop to talk to the inmate seated
8         on the first floor just prior to the incident
          was likely a check with an inmate who was a
9         gang member in power within the inmate living
          area, and in the higher echelon of a gang in
10        power in the cell block. Such stop was in
          connection with the fight and to get the
11        gang's okay to proceed with the fight in the
          laundry room. De La Cruz stated that Jackson
12        was checking if it was acceptable to that
          gang if Jackson fought Defendant in the
13        Laundry Room. De la Cruz stated that it is
          required for Jackson to seek approval for the
14        fight because gang members could have other
          illegal acts scheduled for the time of the
15        fight; the fight could induce a search of
          gang members and other inmates which could
16        lead to the discovery of contraband drugs or
          weapons. As to Defendant's need for self-
17        defense, da la Cruz stated that if Jackson
          suggested to McNeal that they fight in the
18        fight in the laundry room as stated by McNeal
          in McNeal's statement, that Jackson
19        undoubtedly had additional friends in the
          laundry room to back him up and essentially
20        guarantee that Jackson did not lose the fight
          and that McNeal would be injured. De la Cruz
21        stated that McNeal would have been "jumped"
          as soon as he entered the laundry room.
22

23  Def.'s Opp'n, 3:15-29.  Those proffered expert opinions concern

24  Defendant's self-defense and justification defense, which have

25  been disallowed.  Further, in light of the in limine evidentiary

26  record, the proffered expert opinions are unsupported speculation

27  about what other individuals thought and did.  Therefore, the

28  Government's motion to disallow this expert from testifying at

1  trial is granted.

2  Victim's Prior Criminal Record Issue

3       The United States also moves for an order limiting the
4  victim's impeachment convictions, should he testify, to a 2009
5  felony insurance fraud, a 2014 felony worker's compensation
6  fraud, and a 2014 felony possession of a firearm.  Pl.'s Mot.,
7  6:12-16.  The United States argues the victim's conviction for a
8  2014 misdemeanor assault is inadmissible and that the victim's
9  remaining convictions are more than ten years old and Defendant
10 has not provided the required notice of his intention to impeach
11 with the use of those older convictions.  Defendant has not
12 responded to the motion and that failure to respond is deemed
13 acquiescence in having the motion granted, in light of the
14 briefing schedule on in limine motion in the Trial Confirmation
15 Order.  Therefore, this motion is granted.

16 Third-Party Assault Issue

17      The United States also moves for an order excluding
18 evidence that Defendant was assaulted by another inmate two
19 months after Defendant punched the victim with the indicted
20 charges in the instant case.  Pl.'s Mot., 1:26-28.  Specifically,
21 the Government argues McNeal, himself, was the victim of an
22 assault by his then-cellmate.  Defendant has not responded to the
23 motion or otherwise shown that this subsequent assault has any
24 probative value on the indicted charges.  Therefore, this motion
25 is granted.

26 Medical Report and Testimony Issue

27      The Government moves in limine for an order admitting
28 the following evidence concerning the alleged victim's injuries:

1  the medical evaluation report prepared by the prison nurse who

2  initially questioned and evaluated the alleged victim, and the

3  nurse's testimony about the victim's injuries.  Pl.'s Mot., 1:24-

4  26.  Defendant has not opposed this motion.

5          However, the Government has not shown this portion of

6  its motion presents a controversy necessitating an in limine

7  ruling.  Therefore, this motion is disregarded.

8  <u>Possible Penalties in Jury Instructions Issue</u>

9          The Government moves in limine for an order precluding

10 Defendant from informing the jury of possible penalties he faces

11 upon   conviction   of   the   charge.   Pl.'s   Mot.,   1:28-2:1-2.

12 Defendant has not opposed this motion.

13          The Government has not shown that the risk of this

14 occurrence presents a controversy justifying an in limine ruling.

15 Therefore, this motion is disregarded.

16          For the stated reasons, the motions have been granted

17 or denied, and two motions have been disregarded.  In light of

18 this decision on the motions, the scheduled April 7, 2017 hearing

19 on the motions is vacated.

20 Dated:  April 4, 2017

21

22

23 _____
   GARLAND E. BURRELL, JR.
   Senior United States District Judge

24

25

26

27

28