# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-014-GEB |
| Plaintiff, | |
| v. | **PROPOSED VOIR DIRE, INITIAL JURY INSTRUCTIONS, CLOSING JURY INSTRUCTIONS, AND VERDICT FORM** |
| WILLIE JAMES MCNEAL, | |
| Defendant. | |

Attached are proposed voir dire questions, initial jury instructions, closing jury instructions, and verdict form.

Trial will commence at 9:15 a.m. on Tuesday, April 18, 2017.

Dated:  April 14, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1
2
3
4
**<u>PROPOSED VOIR DIRE</u>**
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-014-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| WILLIE JAMES MCNEAL, | |
| Defendant. | |

Good morning and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

1. Counsel, the Jury Administrator has already

randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.   I will ask the potential jurors questions as a group.   If a potential juror has a response, he or she shall raise the laminated card.   Generally, the potential juror with the lowest number will respond first.   If no laminated card is raised, I will simply state "no response" and then ask the next question.   If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response.   That could expedite the process.

3.   If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors.   I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated.   This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.   The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately two weeks, after which the case will be submitted to the jury for jury deliberation.   Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30

p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective jury?

     5. Counsel may make any desired introductions; however, the United States shall name anticipated witnesses it may call so it can be determined whether any potential jury knows or has had contact with a person named.

          a. Do you know and or have you had any contact with a person just named?

     6. This is a criminal case involving allegations that defendant Willie James McNeal initiated an attack on the victim Timothy Jackson by punching Jackson, and that this occurred in a federal prison where both the McNeal and Jackson were imprisoned. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the United States brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the United States proves the defendant guilty beyond a reasonable doubt.

     7. In light of the allegations, does any potential juror prefer not being a juror on this case?

     8. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

     9. Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

     10. Have you, any member of your family, or any close

friend been arrested for a crime or been the defendant in a criminal case?

11. Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

12. Have you ever served as a juror in the past, in any capacity?

        a. State whether it was a civil or criminal case, and whether the jury reached a verdict, but do not state the actual verdict reached.

13. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a correctional officer or as an employee of the Federal Bureau of Investigation?

14. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a correctional officer or as an employee of the Federal Bureau of Investigation that witness is law enforcement officer?

15. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

16. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

17. Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

18.  Is there anything that we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

19.  The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

Please state your juror seat number and then provide the information requested on the sheet.

        a.   your name and educational background;

        b.   the educational background of any person residing with you;

        c.   your present and former occupations;

        d.   the present and former occupations of any person residing with you.

1

2

3

4            **PROPOSED INITIAL JURY INSTRUCTIONS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-014-GEB |
| Plaintiff, | |
| v. | **INITIAL JURY INSTRUCTIONS** |
| WILLIE JAMES MCNEAL, | |
| Defendant. | |

INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some initial instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.

To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.

Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence;

(3) any facts to which the parties agree; and

(4) any facts of which the court has judicially noticed.

INSTRUCTION NO. 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

14

INSTRUCTION NO. 7

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or by any other medium. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken

an oath to follow the rules, and it is very important that you
follow these rules.

A juror who violates these restrictions jeopardizes the
fairness of these proceedings. If any juror is exposed to any
outside information, please notify the Court immediately.

INSTRUCTION NO. 8

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 10

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

1

2

3

**PROPOSED CLOSING JURY INSTRUCTIONS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIE JAMES MCNEAL,

Defendant.

No. 2:16-cr-014-GEB

**CLOSING JURY INSTRUCTIONS**

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do

22

not read into these instructions or into anything I may have said
or done any suggestion as to what verdict you should return—that
is a matter entirely up to you.

INSTRUCTION NO. 2

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


OR


The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 4

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 5

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 6

You have heard testimony that the defendant made a statement.  It is for you to decide whether the defendant made the statement, and if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

INSTRUCTION NO. 7

You have heard evidence that the defendant committed other crimes not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's character for truthfulness and, therefore, you must consider it only for that limited purpose and not for any other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

1           INSTRUCTION NO. 8

2           The defendant is charged in the indictment with assault

3    resulting in serious bodily injury in violation of Section

4    113(a)(6) of Title 18 of the United States Code.  In order for

5    the defendant to be found guilty of that charge, the government

6    must prove each of the following elements beyond a reasonable

7    doubt:

8           First, the defendant assaulted Timothy Jackson by

9    intentionally striking him;

10          Second, as a result, Timothy Jackson suffered serious

11   bodily injury; and

12          Third, the assault took place within the territorial

13   jurisdiction of the United States.

14          "Serious bodily injury" in the second element, means

15   bodily injury that involves extreme physical pain; protracted and

16   obvious disfigurement; or protracted loss or impairment of the

17   function of a body part, organ, or mental faculty.

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 9

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

INSTRUCTION NO. 10

      The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved beyond a reasonable doubt.

INSTRUCTION NO. 11

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

INSTRUCTION NO. 12

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 13

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 14

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 15

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy Clerk that you are ready to return to the courtroom.

INSTRUCTION NO. 16

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy Clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**PROPOSED VERDICT FORM**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                              Plaintiff,

                    v.

WILLIE JAMES MCNEAL,

                              Defendant.

No. 2:16-cr-014-GEB

**VERDICT FORM**

         We, the jury, unanimously find the defendant, WILLIE
JAMES MCNEAL, as follows:

|          | NOT       |
| GUILTY   | GUILTY    |

_____   _____          of committing an assault
                           resulting in serious bodily
                           injury, within the territorial
                           jurisdiction of the United
                           States, in violation of Title
                           18, United States Code, Section
                           113(a)(6).

Dated: _____          _____
                                         FOREPERSON