UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0014 GEB DB |
| Respondent, | |
| v. | ORDER |
| WILLIE JAMES MCNEAL, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil

Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.").

Movant's petition raises four cursory and superficially-pled due process claims. His first claim is based on the trial court's grant of the government's motion to exclude Movant's expert witness's testimony regarding prison life and self-defense. Pet. at 5. Movant's second claim is based on the trial court's denial of Movant's "motion in limine for a self-defense and instruction." Pet. at 6. Movant's third claim is based on the trial court's denial of Movant's "motion in limine to present self-defense evidence regarding the alleged victim's threats to [Movant] the night before the fight incident." Pet. at 7 Beyond the identification of these claims, Movant asserts no factual basis or argument.

Only in his fourth ground for relief does Movant provide some factual basis for his due process claim. See Pet. at 8. There, he contends that "he was originally charged with striking inmate Jackson with a lock. Which was not true and made his actions look worser than what they were. Petitioner contends that he was offered a plea for 3 years for assault with a lock. Petitioner did not take the plea because he did not assault inmate Jackson with a lock. Petitioner contends that he was sentenced to more time as if he used the lock on inmate Jackson."

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each

ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement."). Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Because the petition does not comply with Rule 2(c), IT IS HEREBY ORDERED that the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is dismissed with leave to amend. Movant shall file an amended petition within thirty days from the date of service of this order. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  September 23, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/mcne0014.206

3