UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILLIE JAMES MCNEAL,<br><br>Movant. | No. 2:16-cr-0014 GEB DB<br><br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Previously, movant's petition was dismissed with leave to amend because it failed to comply only cursory and superficially-pled due process claims, in violation of Rule 2(c) of the Rules Governing § 2255 Cases. Movant has now filed a motion for reconsideration. (ECF No. 95.)

Rule 60(b) of the Federal Rules of Civil Procedure governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),

1

misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); see also Kona Enters., Inc. v. Estate of Bishop, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, movant objects to the dismissal of his petition and references allegations that were not included in that petition. Because the petition itself was dismissed for movant's failure to provide the factual basis of his claims and because movant has provided no basis to reconsider that determination pursuant to Rule 60(b), **IT IS HEREBY ORDERED** that movant's motion for reconsideration (ECF No. 95) is **DENIED**. Movant shall file an amended petition within thirty days from the date of this order.

Dated: November 30, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/mcne0014.recons

2