UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0014 WBS DB |
| Respondent, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| WILLIE JAMES McNEAL, | |
| Movant. | |

Movant Willie James McNeal, a federal prisoner, proceeds pro se with an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 97, 101.) For the reasons set forth below, the motion brought under section 2255 should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 20, 2017, a jury found movant guilty of assault causing serious bodily injury in violation of 18 U.S.C. § 113(a)(6). (ECF No. 60.) On September 15, 2017, the court sentenced movant to a 77-month term of imprisonment. (ECF No. 108 at 21:9-12.) Judgment was entered on September 26, 2017. (ECF No. 79.)

Movant, through counsel, filed a direct appeal to the Ninth Circuit. (ECF Nos. 77, 78, Notices of Appeal.) Each of movant's arguments on direct appeal related to his claim that he acted in self-defense when he injured another inmate in 2015. (<u>See</u> ECF No. 109-1 at 28-86,

Appellant's Brief.) On March 20, 2019, the Ninth Circuit rejected movant's contentions on appeal. (ECF No. 88.) The Ninth Circuit held the district court correctly denied movant's motions in limine concerning self-defense because movant was precluded under binding Ninth Circuit caselaw from demonstrating he had a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force. (Id. at 2.) The Ninth Circuit found it was "uncontested that McNeal struck the first blow in the altercation that led to his assault conviction." (Id.) Therefore, the Ninth Circuit found no error in the district court's decision to exclude movant's proffered expert, relevant only to his theory of self-defense, which was legally deficient. (Id. at 3-4.)

Movant filed an initial motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 on November 25, 2019 ("initial 2255 motion"). (ECF No. 90.) Movant's initial 2255 motion raised four grounds for relief, each of which was pleaded in a cursory fashion, and three of which involved movant's legally deficient self-defense.[1] (ECF No. 90.)

The initial 2255 motion was referred to the undersigned. (ECF No. 91.) The undersigned found the initial 2255 motion did not give fair notice of the claims and failed to comply with Rule 2(c) of the Rules Governing § 2255 Cases. (ECF No. 94.) The undersigned dismissed the motion and granted movant leave to file an amended motion.

On December 10, 2020, movant filed a document entitled "Notice re Sentence" which was referred to the undersigned and which the undersigned construed as movant's amended motion pursuant to 28 U.S.C. § 2255 ("amended 2255 motion"). (See ECF No. 97, 98.) On April 1, 2021,

---

[1] Movant's first claim in the initial 2255 motion challenged the trial court's exclusion of expert witness testimony regarding prison life and self-defense. (See ECF No. 90 at 4.) Movant's second claim in the initial 2255 motion challenged the trial court's denial of "motion in limine for a self-defense and instruction." (Id. at 6.) Movant's third claim in the initial 2255 motion was based on the denial of movant's "motion in limine to present self-defense evidence regarding the alleged victim's threats to [movant] the night before the fight incident." (Id. at 7.) Beyond the identification of the first three claims, movant asserted no factual basis or argument. Movant's fourth ground for relief in the initial 2255 motion asserted he was "offered a plea for 3 years for assault with a lock" but "did not take the plea because he did not assault inmate Jackson with a lock." (Id. at 8.) Petitioner argued he was "sentenced to more time as if he used the lock on inmate Jackson." (Id.)

2

1  movant filed a document titled "Notice re Discrepancies" which has handwritten notes on the

2  court's order directing service of the amended 2255 motion on respondent. (ECF No. 101.)

3       Pro se motions from prisoners are to be liberally construed. <u>United States v. Jackson</u>, 21

4  F.4th 1205, 1216 (9th Cir. 2022) (holding the district court abused its discretion by failing to

5  consider a pro se letter as a request to amend a 2255 motion to add a claim). The court construes

6  movant's "Notice re Discrepancies" (ECF No. 101) as a request to include the supplemental

7  information set forth therein with the amended 2255 motion presently before the court. So

8  construed, the request is granted.

9       Movant's amended 2255 motion presents the following grounds for relief: (1) [t]he Judge

10  sentence[d] me to 77 months [but] I think he made a mistake," because "it should have only been

11  72 months 36 + 36 = 72"; and (2) "[t]he Defendant was not in court" and "I thought you had a

12  right to question your accuser in the United States." (ECF No. 97.) Movant added the following

13  supplemental information in the "Notice re Discrepancies": I did the math right then in court,"

14  and "the Judge made a mistake" in imposing 77 months. But "you can't [interrupt] the Judge, so I

15  had to let it slide till later." (ECF No. 101.) And further,

16  
17      [A]nother Judge stop by the holding cell[.] I told him… I didn't have
18  a [lock] in my possession I only had one hand because my other hand
19  was holding ear phones so it was easy to see me changing hands with
20  ear phone and know that I didn't have nothin in the other one. So the
    Judge said I should be good, since I didn't have a [lock] and I should
    get less time that's why I went to court in the 1st place cause I didn't
    have a [lock] my lawyer should of showed the video to the judge +
    clear that all up before we went to court. I was [indicted] for an
    [assault] with a [lock] and they knew I didn't have a [lock].

21  (ECF No. 101 at 2.)

22       The government opposes movant's amended 2255 motion. (ECF No. 109.) The

23  government argues (1) the amended 2255 motion continues to fall short of the governing pleading

24  standards; (2) the claims presented in the amended 2255 motion were procedurally defaulted; and

25  (3) all grounds asserted fail on the merits. (<u>Id.</u>)

26       **LEGAL STANDARDS FOR 28 U.S.C. § 2255**

27       Section 2255 allows "[a] prisoner in custody under sentence of a court established by Act

28  of Congress" to move the court which imposed the sentence to vacate, set aside or correct the

sentence on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). "Where the moving party does not allege a lack of jurisdiction or constitutional error, there is no basis for collateral relief under section 2255 unless the claimed error constituted a fundamental defect which inherently results in a 'complete miscarriage of justice.'" United States v. Wilcox, 640 F.2d 970, 972-73 (9th Cir. 1981) (citation omitted).

Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively* show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original) (quoting 28 U.S.C. § 2255). A court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion do not require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

**DISCUSSION**

**I.      An Evidentiary Hearing is Unwarranted**

Under the rules governing Section 2255 cases, 2255 motions must "specify all the grounds for relief available to the moving party," "state the facts supporting each ground," and "state the relief requested." Rules Governing Section 2255 Cases, Rule 2(b)(1)-(3). "Conclusory allegations which are not supported by a statement of specific facts do not warrant… relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); see also Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (allegations did not meet the specificity requirement where the "claim was argued in a single page, without reference to the record or any document" (internal quotation marks and brackets omitted)).

1          Movant's amended 2255 motion consists of two handwritten paragraphs. Although the
2   court liberally construes pro se motions, Jackson, 21 F.4th at 1216, like the initial 2255 motion,
3   the amended 2255 motion is far too "vague and conclusory" to warrant an evidentiary hearing
4   under Section 2255. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). As to the
5   first ground for relief, it is not clear what movant means when he says his 77-month sentence was
6   in some way erroneous because "36 + 36 = 72." (ECF No. 97 at 1.) It is similarly unclear what
7   claim movant means to assert in the second ground for relief by stating the "Defendant was not in
8   court," and thus movant was not able "to question [his] accuser."[2] (Id.) Finally, the court cannot
9   discern what claim movant intends to assert with the allegations in the supplement that movant
10  did not use a lock.

11         Allegations in a petition that are vague, conclusory, or palpably incredible are subject to
12  summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, the
13  allegations in movant's amended 2255 motion are clearly inadequate and may be denied without
14  a hearing. See Shah, 878 F.2d at 1161, (district court was not required to grant an evidentiary
15  hearing in denying a "clearly inadequate" allegation in a Section 2255).

16         **II.     Movant's Claims are Procedurally Defaulted**

17         The claims in the amended 2255 motion are procedurally barred. In the alternative, each
18  ground warrants summary dismissal.

19         Section 2255 "is an extraordinary remedy and will not be allowed to do service for an
20  appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted).
21  Where a criminal defendant fails to raise a claim on direct appeal, this failure generally
22  constitutes a procedural default that bars consideration of the claim on collateral review. See id.;
23  United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to
24  provide criminal defendants repeated opportunities to overturn their convictions on grounds

---

[2] The court construes movant's claim as a challenge under the Confrontation Clause based on the assault victim not testifying at movant's trial. If, instead, movant is asserting that he himself was not present for some part of trial, then such a claim fails as vague, conclusory, and insufficiently alleged. Movant does not identify any critical stage of litigation or any stage of litigation for which he was not present. The court finds no factual basis to support such a claim.

1  which could have been raised on direct appeal"). Where a claim has been procedurally defaulted,

2  "the claim may be raised under [Section 2255] only if the defendant can first demonstrate . . .

3  cause and actual prejudice." Bousley, 523 U.S. at 622 (internal quotation marks omitted); see also

4  Dunham, 767 F.2d at 1397. To show actual prejudice, a movant must establish "that the errors…

5  worked to his actual and substantial disadvantage[.]"). United States v. Frady, 456 U.S. 152, 170

6  (1982). Although procedural default issues need not invariably be resolved first, ordinarily they

7  should be. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

### A. Claims Not Raised on Appeal

Movant's brief on appeal is silent regarding any alleged error in the calculation of his 77-month sentence, any claim of error about non-use a lock, and any alleged Confrontation Clause issue. (See ECF No. 109-1 at 28-86.) Instead, each of movant's arguments on direct appeal was related to his claim that he acted in self-defense when he injured another inmate in 2015. Movant gives no explanation for not raising on direct appeal the arguments presented now concerning the length of his sentence, ability to confront his accuser, and non-use of a lock.

### B. No Actual Prejudice from Any Alleged Error

In the first ground of the amended 2255 motion, movant appears to assert he should have been sentenced to 72 months because "36 + 36 = 72[.]" (ECF No. 97 at 1.) Movant fails to demonstrate an error in the calculation of the sentence imposed.

Movant's Guideline range was 77 to 96 months of imprisonment. (ECF No. 109-1 at 18:2-4.) At the sentencing hearing, the court agreed with the probation officer's recommendation that the base offense level for movant's assault was 14, and the specific offense characteristics warranted 6 additional points, given the injuries sustained by the assault victim. (See id. at 18:5-10; see also ECF No. 72 at 9, PSR.) The court added 2 points for obstruction of justice and rejected movant's argument that he was entitled to a 2-point reduction for acceptance of responsibility. (See ECF No. 109-1 at 9:5-18:4.)

Movant identifies nothing in the record indicating that "36 + 36 = 72" would have been a proper means of determining his sentence. Movant fails to demonstrate actual prejudice. The first

28  ////

1 ground in the amended 2255 motion is procedurally barred. In the alternative, it warrants

2 summary dismissal. See McMullen, 98 F.3d at 1159.

3      Movant's second ground for relief in the amended 2255 motion appears to allege a

4 violation of the Confrontation Clause because movant did not get to "question [his] accuser."

5 (ECF No. 97 at 1.) In this claim, movant appears to be referencing the fact that the victim of

6 movant's assault of conviction did not testify at trial. Movant fails to allege a violation of his

7 rights under the Confrontation Clause.

8      "[I]n all criminal prosecutions, the accused shall enjoy the right to ... be confronted with

9 the witnesses against him." U.S. CONST. AMEND. VI. However, the government is not

10 "required to call all of the witnesses to a crime." United States v. Heck, 499 F.2d 778, 789 n.9

11 (9th Cir. 1974) (citation omitted). The Sixth Amendment confrontation right is satisfied so long

12 as the defendant "could have called" the witness to testify at trial. Id.; see Pavlik v. United States,

13 951 F.2d 220, 224 (9th Cir. 1991) (rejecting argument that "due process guarantees [defendants] a

14 right to confront… persons who could have been witnesses against them").

15      Movant's "right to question [his] accuser" was not violated by the assault victim's absence

16 from trial. A defendant only has the right to confront such evidence that is used against him at

17 trial. See Heck, 499 F.2d at 789 n.9. Movant fails to demonstrate actual prejudice necessary to

18 overcome the procedural bar for a Confrontation Clause Claim. In the alternative, this claim also

19 warrants summary dismissal. See McMullen, 98 F.3d at 1159.[3]

20      Finally, movant's allegations that he did not use a lock to commit the assault do not state a

21 claim of error. Because movant fails to allege any cognizable claim of error, he cannot establish

---

[3] To any extent movant is attempting to allege, instead, that his Confrontation Clause rights were violated by the district court's rulings that prevented him from questioning potential witnesses about his self-defense theory, any such claim must also be rejected. When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 motion. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). The Ninth Circuit already held the district court did not abuse its discretion in excluding testimony regarding the victim's alleged prior threats and movant's proffered expert because he was barred from putting forward that theory as a matter of law. (ECF No. 88 at 3-4.) Movant had a full and fair opportunity to litigate his self-defense theory of the case on direct appeal. Movant cannot seek reconsideration of any part of the Ninth Circuit's ruling through this motion. See Hayes, 231 F.3d at 1139.

that any error caused him actual prejudice. See United States v. Frady, 456 U.S. 152, 170 (1982) (to show actual prejudice a movant must establish "that the errors… worked to his actual and substantial disadvantage").

## CONCLUSION

Movant's grounds for relief in the amended 2255 motion are procedurally defaulted and the motion should be denied on that ground. In the alternative, movant's grounds for relief are subject to summary dismissal because they fail to state a claim for relief. For these reasons, IT IS HEREBY RECOMMENDED that the motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 97) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, the objections shall address whether a certificate of appealability should issue as to any issues, and, if so, why. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mcne0014.2255fr

8